1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BLACKWELL SPENCER, | CASE NO. C12-6026 RJB-JRC |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | NOTED FOR: |
| DEPARTMENT OF CORRECTIONS et al. | JANUARY 25, 2013 |
| Defendants. | |

This 42 U.S.C. §1983 civil rights action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judges Rules MJR 1, MJR 3, and MJR 4.

The Court recommends that this action be dismissed prior to service with the dismissal counting as a strike as defined in 28 U.S.C. § 1915(g). Plaintiff alleges that corrections officials were negligent in addressing a request to attend his sister's funeral (ECF No. 4). Plaintiff alleges that as a result of this negligence he was not allowed to attend the funeral (ECF No. 4),

Frivolous in forma pauperis complaints may be dismissed before service of process pursuant to 28 U.S.C. § 1915.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  A complaint is frivolous if "it lacks an arguable basis in law or in fact."  *Id*. at 325.  Leave to amend is not necessary if it is clear that the deficiencies in the complaint cannot be cured by amendment.  *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984).  Plaintiff's complaint should be dismissed as frivolous.

The Court entered an order to show cause and cited legal authority for the proposition that there is no constitutional right to leave prison to attend a funeral (ECF No. 5 (*citing Sorenson v. Minnesota Dept. of Corrections*, 2012 WL 3150722 (D. Minn. 2012))).

Plaintiff responded to the order to show cause and argues that the Washington Department of Corrections grievance procedure does not work and that there is a Department of Corrections policy that allows for inmates to make deathbed or funeral visits (ECF No. 7).

To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the defendant must be a person acting under the color of state law; and (2) the person's conduct must have deprived the plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, (1981) (overruled in part on other grounds); *Daniels v. Williams*, 474 U.S. 327, 330-31, (1986); and (3) causation *See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 286-87, (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), cert. denied, 449 U.S. 875, (1980). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed. That plaintiff may have suffered harm, even if due to another's negligent conduct, does not in itself necessarily demonstrate an abridgment of constitutional protections.  *Davidson v. Cannon*, 474 U.S. 344, (1986).

Plaintiff names persons who act under color of state law as defendants, but he does not show he was denied a rights, privileges or immunities secured by the constitution or laws of the United States. At best, plaintiff shows that there is a state policy that, if followed, would have allowed officials to consider his request (ECF No. 7). Numerous federal courts have considered this issue and held that an inmate has no constitutional right to attend a funeral. As the Minnesota district noted:

> Federal courts have repeatedly held that prison inmates do not have a constitutional right to attend funerals. *See e.g., Williams v. Terrell*, Civ.A. No. 2:1–cv–87 (W.D.La.2011), 2011 WL 6181446 at *2 ("[a] prisoner simply has no federal statutory or constitutional right to attend a relative's funeral"); *Walters v. Washington County Jail*, No. 07–5113 (W.D.Ark.2007), 2007 WL 2710433 at *2 ("there is no constitutional right for a detainee to be released from incarceration to attend a family member's funeral"); *Smith v. California County of Corrections*, No. 11–9052 ABC (SS) (C.D.Cal.2012), 2012 WL 1901982 at *3, n. 2 ("[c]ourts have ... concluded that there is no constitutional right for an inmate to attend a family member's funeral"); *Wilson v. East Carroll Detention Center*, No. 3:11–cv–1753, (W.D.La.2012), 2012 WL 6021713 at *3 ("[w]hile the court is sympathetic to the Plaintiff's desire to attend his mother's funeral, his claim that he was deprived of a Constitutionally protected right when prison officials did not allow him to do so is frivolous"); *Robinson v. City of New York*, No. 10–CV–4947 (ARR) (E.D.N.Y.2011), 2011 WL 318093 at *2 ("[p]risoners do not have a constitutionally protected interest in attending the funeral of a relative").

*Sorenson v. Minnesota Dept. of Corrections*, (D. Minn. 2012) 2012 WL 3150722 at *3. In light of the precedent cited above, the Court recommends that this action be dismissed for failure to state a claim. This dismissal would count as a strike as defined by 28 U.S.C. 1915(g).    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 63(b)(1)(C). Accommodating the

1  time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for

2  consideration on January 25, 2013, as noted in the caption.

3        Dated this 21st day of December, 2012.

4

5  J. Richard Creatura

6  United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 4