UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BLACKWELL SPENCER, | CASE NO. 3:12-cv-06026-RJB |
| Plaintiff, | ORDER |
| v. | |
| DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

THIS MATTER comes before the Court following the filing of a letter by Petitioner Blackwell Spencer. Dkt. 14. The Court has reviewed the letter and the remainder of the file herein.

Petitioner states that "the money that is being taken out of my check each month is more than I can afford to pay #C12-6026-RJB." Dkt. 14 at 1. Although the letter is unclear on this point, presumably the financial obligation stems from the filing fee for this case, Cause No. 3:12-cv-06026-RJB, and the Court operates under that assumption. The Court previously denied a request by Petitioner for relief from payment of the filing fee, noting that (1) prisoners

ORDER - 1

proceeding *in forma pauperis* are required by statute to pay the full filing fee, 28 U.S.C. § 1915(b)(1), and (2) no costs beyond the filing fee were assessed against Petitioner. Dkt. 12.

Petitioner states that the financial obligation is causing him "a great hardship" and asks whether there is "any kind of relief you can give me on the balance owed?" Dkt. 14 at 1. While the Court may be sympathetic to Petitioner's financial hardship, Petitioner has provided no authority for this Court to depart from the statutory requirement, that "prisoner[s] shall be required to pay the full amount of the filing fee," when, as here, they proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1). Petitioner is essentially asking the Court to waive the filing fee, but that would undermine the clear purpose of the statute.

Petitioner also requests the Court to "let me know what can be done," and Petitioner requests a copy of "what's been payed [*sic*] and what I owe." *Id*. Neither request is appropriately addressed by the Court; the Court cannot provide Petitioner with legal advice, and the Court does not manage prisoners' financial accounts. Possibly the inmate account manager at Airway Heights would have the requested information.

To the extent that Petitioner's letter (Dkt. 14) should be construed as a motion, the motion is DENIED.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 18th day of April, 2017.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge

ORDER - 2